6 So.2d 397

**CURRY, Commissioner of Revenue, v. JOHNSTON.**

3 Div. 354.

Supreme Court of Alabama.

Feb. 12, 1942.

Thos. S. Lawson, Atty. Gen., and W. W. Callahan, Asst. Atty. Gen., for appellant.

320

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellee.

BOULDIN, Justice.

Appellee instituted a proceeding in the nature of mandamus to effect a refund of overpayments on income taxes for the years 1934, 1935 and 1936. Acts of 1935, p. 422, § 345.36, Code 1940, Tit. 51, § 410, and Act of 1939, vesting the powers and duties of the State Tax Commission in the Commissioner of Revenue.

The petition disclosed that application for refund was made in 1939. The trial court overruled a demurrer raising the point that such application must be filed within twelve months from the date of payment. This ruling presents the sole question for review on this appeal.

We find error in such ruling.

In the absence of statute a refund of monies paid into the state treasury under color of the revenue laws of the state were not subject to refund. Certain remedies against officers exacting payment of illegal demands in the form of taxes were recognized, provided payment was made under duress, not voluntary payment as the law defined such terms. National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444; Rice v. Tuscaloosa County, ante, p. 62, 4 So.2d 497.

To remedy the hardship, we may say injustice, of such rule, statutes were enacted looking to a refund in specified cases, which became Article 11 of the Chapter on Taxation, §§ 3140 to 3146, Code of 1923. Certain refunds under §§ 3144, 3145, recoverable by a legal proceeding provided no time limit for presenting a claim to the county authorities for audit and allowance. Six years was fixed as the limitation of an action. § 3146.

In National Bank of Boaz v. Marshall County, supra, it was held the general law requiring claims against counties to be presented for audit and allowance included claims for refund of taxes under § 3144 and § 3145.

In course of time the State Tax Commission was given supervision over sundry franchise and excise taxes levied by Legislative Acts, and the commission constituted

the collecting agency to gather in such revenues.

In this state of the law, the Legislature at its regular session in 1931, passed a statute, approved July 17, 1931, Code 1940, Tit. 51, § 913, entitled "An Act To provide for a refund of taxes or licenses which are paid directly to the State Tax Commission and in which, through mistake in fact or in law, there has been an overpayment of the amount due or an erroneous payment." General Acts 1931, p. 527.

By Section 2, "before any refund * * * can be made the taxpayer" he was required to file an application with the Commission setting up the facts. "Such application must be made within twelve months from the date of such payment."

This statute, by its terms, covers claims for refunds in any and all cases where the taxes are paid directly to the Commission.

Income taxes first came into being in Alabama by the adoption of the Income Tax Amendment (1933), Skinner's Constitution, 985, Const. 1901, Amend. 25, and the anticipating statute, Acts Extra Session 1933, p. 150. This statute, without change touching the question before us, was reenacted as part of the General Revenue Act of 1935. Gen. Acts 1935, p. 397 et seq., Code 1940, Tit. 51, § 373 et seq.

Considering the nature of the income tax, and its application to the varied sources of income in modern life, we agree it was most fitting that provisions be made for refund in case a tax should be paid which was not legally due, or there be an overpayment.

By § 345.33, Acts of 1935, p. 420, Code 1940, Tit. 51, § 407, the taxpayer's return creates a prima facie liability for the tax shown by such return. He is required to pay the tax to the Commission in cash or instalments. § 345.35, Code 1940, Tit. 51, § 409.

But the "assessment," meaning the final amount found to be due by the Commission (§ 345.33), Code 1940, Tit. 51 § 407, is required to be made within two years after the return was filed "and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." § 345.38, Code 1940, Tit. 51, § 412.

With these incidents in mind we consider the provisions of the Income Tax Act looking to refunds. § 345.36, Code 1940, Tit. 51, § 410, defines the cases in which refunds shall be made, provides for an application to the Commission, a hearing of the proofs, and if found satisfactory a certifying of the amount due to the comptroller, who shall draw his warrant as provided in the Act of 1931, supra. Thus, it appears the legislative mind was directed to the Act of 1931 looking to refunds in all cases of taxes paid directly to the Commission, and that Act referred to as the authority for drawing a warrant.

Section 345.40, Code 1940, Tit. 51, § 414, deals with suits or proceedings to effect a refund, saying: No such suit or proceeding shall be maintained "until the claim for refund or credit has been duly filed with the State Tax Commission according to the provisions of law in that regard."

We think this reference to provisions of law in that regard can mean none other than the law of 1931 dealing with all refunds where taxes are paid directly to the Commission.

We need not decide whether this law would govern without any reference thereto in the Income Tax Act. The Legislature saw proper to make such reference.

It is contemplated the taxpayer may make his application immediately after payment and before any assessment is made by the Commission. In such case, he must wait for three months to give time to make the assessment, before bringing suit. Many statutes fix limits for presenting claims, as a condition precedent to the right to sue, and a different limitation for bringing suit after taking the preliminary steps required.

Public financing is necessarily concerned with what unadjusted and unknown claims are outstanding. Hence, a limit of time within which they shall be asserted, and, may be, a much longer time to finally determine the merits of the claim before a suit is barred as a claim duly presented. We deem it proper to note that the Act of 1931, supra, is amended in the New Code so as to give two years from date of payment for making application to refund. Title 51, § 913, Code of 1940.

Section 345.36, Income Tax Act of 1935, supra, has also been amended to give two years for making an application to refund. Title 51, § 410, Code of 1940.

322

Not that these amendments shed any special light on legislative interpretation of original acts, but that readers of this opinion may not assume it states the law now in force, we call attention to such amendments.

The demurrer will be sustained and cause remanded.

Reversed, rendered and remanded.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.