150 So.2d 200

**R. W. BUCHANAN**

v.

**STATE of Alabama.**

**3 Div. 971.**

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Feb. 28, 1963.

MacDonald Gallion, Atty. Gen., and Jas. R. Payne, Asst. Atty. Gen., for appellee.

Reeves & Stewart, Selma, Steiner, Crum & Baker, Montgomery, and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellant.

594

SIMPSON, Justice.

This case was originally assigned to another Justice and transferred to writer on September 9, 1962 for study and preparation of the opinion.

R. W. Buchanan (appellant) filed an appeal in the court below under § 140, Title 51, of the Code of Alabama of 1940, from a final assessment of additional income tax in the amount of $2,557.79. The assessment arose from the Revenue Department's having added as taxable income to the 1959 income of appellant R. W. Buchanan the sum of $51,773.17, received by appellant on March 31, 1959 as a liquidating dividend of a domestic corporation, Yellow Pine Lumber Company, Inc.

The portion of the liquidating dividend which was made the basis of the final assessment, namely $51,773.17, was paid in kind in assets acquired by the corporation solely from earnings and income of the corporation on which the corporation has paid all income taxes due the State of Alabama. The sum of $51,773.17 is the amount of appreciation in value of the assets distributed to appellant between the time they were acquired by the corporation and the time they were distributed to appellant as a liquidating dividend.

It is undisputed that the appreciation in value of the assets was not taxable income to the corporation, and that no Alabama income tax was due or payable thereon by the corporation.

Appellant contends that the entire liquidating dividend received by him was exempt from Alabama income tax under Title 51, § 388, of the Code of Alabama of 1940, as amended, for the reason that it was a liquidating dividend accumulated solely from the income of a domestic corporation on which the corporation has paid all income taxes due the State of Alabama in the current and prior years. Appellee contends that such portion of the liquidating dividend represented by appreciation in value of assets was not exempt under said § 388.

The case was heard before the trial judge on oral testimony of two witnesses and written exhibits introduced by both parties, and there is no dispute in the evidence. The trial judge rendered decree denying relief to appellant and affirming the assessment. From this decree appellant brings this appeal.

R. W. Buchanan (appellant) is a resident of Selma in Dallas County, Alabama. Yellow Pine Lumber Co., Inc., was a domestic corporation incorporated in Dallas County, Alabama on January 28, 1942 with an original paid in capital of $25,000.00. All assets of the corporation, other than this original capital, were acquired by the corporation from its earnings and income,

and the corporation properly reported to the State of Alabama all of its income and paid to the State of Alabama all income taxes due by the corporation on all of its income for the year 1959, and all prior years.

Yellow Pine Lumber Company, Inc., was dissolved on March 31, 1959 and all of its assets were distributed in cash and kind to the stockholders as liquidating dividends in proportion to their ownership of stock. R. W. Buchanan was the owner of 25% of the stock of the corporation, and he was paid as a liquidating dividend 25% of the total assets of the corporation at the time of dissolution.

Regulation 388.1, State of Alabama Income Tax Regulations (1952), was introduced in evidence, and is as follows:

"Every individual resident or nonresident taspayer shall be entitled to exemption for dividends received as follows: A. Dividends received on stocks of domestic corporations which have paid all income taxes to the State are exempt. This applies to liquidating dividends of domestic corporations which have paid all income taxes due the State of Alabama in the current and prior years."

These regulations were promulgated on December 18, 1952, and constituted the regulations in the State Department of Revenue in effect during the tax year involved in this case, i. e., 1959. The evidence is undisputed that the State Department of Revenue and tax practitioners generally, in the State of Alabama, had uniformly, up to the time of the dissolution of this corporation, construed and treated as exempt all liquidating dividends received by Alabama residents from domestic corporations which had paid all Alabama income taxes due including distribution of assets which reflect appreciation in value between the time of acquisition by the corporation and the time of distribution as a liquidating dividend.

The sole question in this case is whether R. W. Buchanan (appellant) shall be de-

nied the exemption provided by Title 51, § 388, of the Code on that portion of the liquidating dividend paid to him in kind, consisting of assets acquired by the domestic corporation solely from income on which the corporation has paid all income taxes due the State of Alabama, merely because there was no Alabama income tax due or payable by the corporation on the appreciation in value of the assets distributed. We quote the pertinent provisions of § 388, Title 51, as amended, 1955 Cumulative Pocket Part, as follows:

"The following exemptions from income taxation shall be allowed to every individual resident taxpayer: Dividends received on stocks of domestic corporations, including liquidating dividends paid from income of domestic corporations on which the corporation distributing such dividends has paid all income taxes due the state of Alabama in the current or prior tax years."

The State, in arriving at its conclusion that appellant is due the amount of income tax claimed and approved by the court below, takes an amount representing that portion of the liquidating dividend distributed to the stockholders upon which the corporation had paid all income taxes due the State for the current and prior years. It then determines the taxpayer's proportionate part of this amount, and deducts it from the total amount received by the taxpayer upon dissolution and distribution of all assets. From this remainder there is subtracted the amount paid by the taxpayer for his stock. This balance of the liquidating dividend received by the taxpayer, it is argued, "represents that portion of the liquidating dividend received upon which the corporation distributing it had not paid income taxes to the State of Alabama for the current or prior years". This argument is ingenious but not convincing. This portion of the dividend consists of the appreciation in value of the corporate assets accumulated solely from income, and as we have said above was not taxable in the hands of the corporation. Had the cor-

poration sold its assets, there would have arisen a question of tax due by it for profits realized. But it did not sell its assets; instead it distributed its assets in kind to its stockholders. The effort of the State is clearly one to charge the taxpayer upon the gain he realized over the price he paid for his stock, just as if he had sold his stock. But he did not sell his stock. What he did was receive assets in kind which, it is agreed, had appreciated in value. What profit he has derived, so far as appears, is an unrealized profit. In finality, the question of liability depends upon a construction of the statute, Code, Title 51, § 388 as we have copied it above.

■ Several of our cases have been cited to us to sustain the State's position. None deals in anywise with the exemption set up in § 388, supra. At most they state rules of statutory construction. That rule most pertinent is that exemption statutes are to be strictly construed in favor of the taxing authority. State v. Calumet & Hecla C. C. Co., 259 Ala. 225, 66 So.2d 726, among many other cases. We fully recognize this rule and have consistently reiterated it. But we have as consistently added that this court will indulge no strained construction to give effect to such rule where a fair interpretation of legislative intent may lead to a contrary interpretation. In these and other cases we have said that arbitrary rules of construction are of little value when the real intent of the legislature can be gathered from the act itself. State v. Dawson, 264 Ala. 647, 89 So.2d 103; State v. Taylor, 262 Ala. 639, 80 So.2d 618; Hattemer v. State Tax Commission, 235 Ala. 44, 177 So. 156; Holt v. Long, 234 Ala. 369, 174 So. 759; State v. Calumet & Hecla C. C. Co., supra; Crow v. General Cable Corp., 223 Ala. 611, 137 So. 657.

■ We perceive no ambiguity in the statute. The only problem then is applying the law to the facts. The corporation was a domestic corporation. It had paid for current and prior years all income taxes due by it to the State. A part of its income went to acquisition of assets, lumber or whatever was its stock in trade and other assets incidental to its business. Increase in quantity and value we may assume took place not in one year but over the years of its corporate activity. It is not suggested that it was taxable per year or when it liquidated upon the enhancement of its assets. Thus it cannot be said that it did not pay all income taxes due the State. If it paid all income taxes due, dividends received by the stockholder were exempt to him. Since the assets distributed in kind to the stockholder were acquired solely from corporate income, such dividends were "paid from income", within the meaning of the words of the statute.

This exemption statute as it pertains to liquidating dividends, has not heretofore been before us. The most nearly analogous case from another jurisdiction coming to our attention is that of District of Columbia v. Oppenheimer, 112 U.S.App.D.C. 329, 301 F.2d 563, recently decided by the United States Court of Appeals for the District of Columbia. In that case the corporation owned improved real estate which it held for income and not for sale. Oppenheimer was one of its stockholders. The District of Columbia assessed a deficiency in the stockholder's income tax, based on the difference between the amount she invested in the corporation and the value of the property it distributed to her when it was dissolved. The court there held that since the corporation never realized the appreciation by sale or otherwise, it was never a part of the corporation's income or earnings; in other words, did not realize a taxable gain. Unrealized appreciation in corporate assets, it was held, may not be reckoned in earnings or profits. The court draws an obvious distinction between unrealized appreciation and profits realized by a sale of the property before distribution to its stockholders.

■ While we have based our decision upon our own interpretation of the statute, we observed hereinabove that prior to the situation giving rise to this case the Depart-

ment of Revenue had promulgated and followed a regulation allowing the exemption as claimed by appellant. Whatever else may be said of the force and effect of the prior regulation, it is a generally recognized rule that contemporaneous administrative construction placed on a statute by officials administering the law is to be given consideration in interpretation of statutes. Glencoe Paving Co. v. Graves, 266 Ala. 154, 94 So. 2d 872; State v. Helburn Co., 269 Ala. 164, 111 So.2d 912. Considering both the original and subsequent regulations of the Department, we are persuaded that the former is correct.

It results as our judgment that the decree appealed from is in error and must be reversed. A decree will be here rendered setting aside the assessment and granting to appellant the relief prayed.

Reversed and rendered.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

