This is an appeal by the State from the setting aside of three sales tax assessments. We affirm.
Service Engraving Company, the taxpayer, was audited for sales tax purposes for a three-year period and, upon the three annual assessments having been made final at the administrative level, the taxpayer appealed to the circuit court which heard the ore tenus testimony of the taxpayer's controller and entered a judgment totally setting aside the assessments. The State duly appealed after its motion for a new trial was overruled. Able counsel for both sides have favored us with helpful briefs.
The facts are not in material dispute.
Insofar as it is relevant to this case, the taxpayer was engaged in two business activities, (a) the printing of materials and (b) the packaging, labeling and other preparation of printed materials for mailing. The taxpayer's printing and/or mailing preparation activities involved three distinct types of transactions: first, it printed the material but did nothing concerning packaging it or labeling it for mailing; second, the taxpayer printed the material and also prepared it for mailing; and, third, it did not print the material but did perform the mailing preparation services. The taxpayer's packaging and labeling services are identical, whether performed upon material which the taxpayer printed or performed upon material which was furnished by its customers.
The parties are in agreement that in all cases the taxpayer is liable for the tax on the gross proceeds of sales derived as a result of its printing of material. The parties also agree that the mailing preparation charges are not taxable in those cases where the taxpayer did not also print the material. The only point of dispute is whether the mailing preparation charges are taxable as part of the gross proceeds of sale in those cases where the taxpayer also printed the materials.
As to those disputed instances where the taxpayer both printed the material and prepared it for mailing, the taxpayer issued separate invoices to its customers, one for the printing and a second invoice for the packaging and labeling services. As to those invoice billings, the taxpayer charged and collected from its customers sales taxes only on the printed materials' invoice. No tax was charged in the invoice or *Page 697 
collected from its customers for the mailing preparation of such printed material.
While the testimony of the taxpayer's controller before the trial court was relatively brief, he repeatedly testified without objection that the taxpayer's contract with its customers was that the taxpayer would charge a certain amount for the mailing preparation of the printed material and that title to the material passed to the customer when the printing itself was completed.
The State does not tax the packaging and labeling services of the taxpayer as to those materials which are printed by a third party, but the taxpayer is taxed for the packaging and labeling services which it performs upon materials which are printed by the taxpayer. In either instance, its mailing preparation services are the same. We agree with the taxpayer that, under those circumstances, Eagerton v. Dixie Color Corporation,421 So.2d 1251 (Ala. 1982), is the case most nearly in point. To paraphrase Eagerton, we see no reason why the tax consequences of identical services should differ based entirely and solely upon who does the printing of the material. To hold otherwise would provide a seven percent advantage, which is the total of all sales taxes, to a competitor who only provides such a mailing preparation service. Stated differently, if the contentions of the State were accepted, the taxpayer would be penalized seven percent of its invoice for the preparation for mailing of any material which it also printed. We are not convinced that the legislature ever intended such an unequal treatment for identical services.
The judgment of the learned circuit judge must also be affirmed for another reason. For tax purposes, the sales taxes apply to sales that are "closed," that is, they apply when title to the goods has passed to the purchaser, which occurs as of the time and place of the physical delivery of the goods, unless otherwise explicitly agreed. State v. Delta Air Lines,Inc., 356 So.2d 1205 (Ala.Civ.App.), cert. denied,356 So.2d 1208 (Ala. 1978). Here, there was testimony of an otherwise explicit agreement. The taxpayer's controller expressly testified without objection before the trial court that title to the printed materials passed from the taxpayer to the customers upon completion of the printing process, regardless of whether or not the taxpayer subsequently performed any labeling and packaging transactions for the customer as to such printed matter. Even if that evidence is considered to be improper or illegal evidence under the best evidence rule, it was admitted without objection and the trial court was free to consider it without limit as to weight or purpose. Taylor v.Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986). Since there was evidence before the trial court that title to the printed materials passed to its customers before any preparation for mailing service was performed, the evidence upheld the trial court's holding that no sales tax was due for the packaging and labeling of that printed matter.
The State further contends that the trial court abused its discretion in granting a hearing de novo and the state relies upon § 41-22-20 (j), Code of Alabama 1975, which is a portion of the Administrative Procedure Act. However, another code section, § 40-2-22, provides for a trial de novo in tax appeal cases. Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529 (1965);State v. Louis Pizitz Dry Goods Company, 243 Ala. 629,11 So.2d 342 (1943). The legislature amended the Administrative Procedure Act on April 30, 1986, by 1986 Ala. Acts 472, so as to expressly authorize a de novo trial in the circuit court as to tax appeals. While this court cannot look to that amendment as being governing law in this case, we can and should look to it to determine Alabama's public policy with regard to whether a de novo trial can ordinarily occur as to tax appeals. Evidently, the legislature never had any intent that the Administrative Procedure Act should limit or prohibit a de novo review in tax appeals to the circuit court. Accordingly, we find no error in the taking of de novo ore tenus testimony in the circuit court in addition to that court's consideration of the *Page 698 
evidence which had been presented at the administrative level.
There being no controlling question which needs further discussion, we affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the judges concur.