COOK, Justice
(dissenting).
Jefferson County commenced this action against Yelverton’s, Inc., a retail appliance store located in Walker County, seeking to recover $8,625.73 in sales tax assessed by Jefferson 'County on appliances sold by Yelverton’s to be delivered in Jefferson County. Because I would reverse the judgment of the Court of Civil Appeals, I respectfully dissent from the order quashing the writ of certiorari.
The effect of the judgment of the Court of Civil Appeals, and of today’s' order quashing the writ, is well stated by Jefferson County: “Every retailer [in Alabama may] escape all local sales tax by simply delivering [its product,] or having the customer pick up the product[,] in another taxing jurisdiction. The resulting loss in public revenues [will] be staggering.” Reply Brief of Jefferson County, at 13 (emphasis in original).
Jefferson County’s right to collect these taxes is clear and straightforward. It is based on (1) Act No. 405, 1967 Ala. Acts 1021 (Regular Session); and (2) Ala.Code 1975, § 40-23-l(a)(5) and (11). Act No. 405, § 3(b), authorizes counties to collect a sales tax from “every person required to pay, on account of business done by him in the county, the State sales tax.” (Emphasis added.) Section 40-23-1(a)(11), which is contained in the article of the Code dealing with sales taxes,[4] defines “business” as: “All activities engaged in, or caused to be engaged in, with the object of gain, profit, benefit, or advantage, either direct or indirect....” Section 40-23-1(a)(5) defines a “sale” as being “completed ... when and where title is transferred by the seller or seller’s agent to the purchaser or purchaser’s agent.” (Emphasis added.) According to these provisions, once Yelverton’s has delivered an appliance into Jefferson County to a customer, it has “completed” a sale in Jefferson County, for tax purposes. See State v. Service Engraving Co., 495 So.2d 695, 697 (Ala.Civ.App.1986) (“For tax purposes, the *1227 sales taxes apply to sales that are ‘closed,’ that is, they apply when title to the goods has passed to the purchaser, which occurs as of the time and place of the physical delivery of the goods, unless otherwise explicitly agreed”). Such activity fits the definition of “business” as set forth in § 40 — 23—l(a)(ll). Jefferson County is, therefore, entitled to collect county sales tax on this exchange, pursuant to Act No. 405, § 3(b), because the sale was subject to the state sales tax.
In opposition to this clear, statutory authority, Yelverton’s and amici cite Ala. Admin. Code, Reg. 810-6-3-.51, an administrative regulation promulgated by the Department of Revenue. Regulation 810-6-3-.51 states in pertinent part: “If the sale is made and as a part of the sales agreement the seller is required to deliver the item purchased outside the taxing jurisdiction of the city or town, the sale is exempt from tax.” (Emphasis added.) However, Reg. 810-6-3-.51, on its face, applies only to municipalities. Indeed, it is entitled: “Sales and Use Tax, Municipal Gross Receipts Tax.” I see no basis for ignoring the plain language of this regulation in order to apply it to counties.
Moreover, if by some construction of Reg. 810-6-3-.51 it could be deemed applicable, it was preempted in 1996, when the Legislature enacted Act No. 96-471, 1996 Ala. Acts 584, codified at Ala.Code 1975, § 11-3-11.2. That Code section provides in pertinent part:
“(a) The county commission may, by ordinance or resolution, administer and collect, or contract for the collection of, any local sales and use taxes or other local county taxes levied or authorized to be levied by a general or local act. Where the county commission provides by ordinance or resolution for the administration and collection of the local taxes, the collection of the local sales and use taxes shall' occur at the same time as state sales and use taxes are due to be paid to the Department of Revenue, unless otherwise provided by law.
“(b) Any county commission which elects to administer and collect, or contract for the collection of, any local sales and use taxes or other local taxes, shall have the same rights, remedies, power and authority, including the right to adopt and implement the same procedures, as would be available to the Department of Revenue if the tax or taxes were being administered, enforced, and collected by the Department of Revenue. Any rules and regulations adopted or utilized by the county or its designee shall be consistent with the rules and regulations adopted through the provisions of the Alabama Administrative Procedure Act by the Department of Revenue for the corresponding state tax. If a specific provision of the rules and regulations of the Department of Revenue is inconsistent with a specific provision of a local act, resolution, or general law authorizing or levying a local tax, including a gross receipts tax in the nature of a sales tax, as defined in Section 40-2A-3(8), which was enacted or adopted prior to February 25, 1997, the local act, resolution, or general laiu provision shall prevail.”
(Emphasis added.)
If Reg. 810-6-3-.51 is construed to apply to counties, then it is inconsistent with the statutes expressly applicable to counties. Specifically, it suggests that county taxes would be due only if the sale is completed zvithin the county. Because the statutory scheme applicable to counties contains no such provision, and because § 11-3-11.2 provides that inconsistent regulations are preempted, the sentence quoted above from Reg. 810-6-3-.51 does not apply. Therefore, Jefferson County was entitled to collect the taxes at issue in this case. I respectfully dissent.

. This fact is significant, because the reasoning of the Court of Civil Appeals and many of the arguments of Yelverton’s and various ami-ci curiae have incorrectly focused on provisions dealing with use taxes. However, it is abundantly clear that the tax at issue in this case is not a use tax. These arguments have seriously, and unnecessarily, confused the issues involved in this case.