221 So.2d 385

### ALABAMA PUBLIC SERVICE COMMISSION

v.

### CONTINENTAL TENNESSEE LINES.

**3 Div. 227.**

Supreme Court of Alabama.

April 3, 1969.

Jas. H. Tompkins, Tuscumbia, for appellant.

Hill, Hill, Stovall & Carter, Montgomery, for appellee.

COLEMAN, Justice.

Leonard Basden and wife, as a partnership, applied to the Alabama Public Service Commission for certificate to operate as a common carrier of passengers by motor vehicle over a regular route from Lane Springs to Cherokee and on to and through Tuscumbia and Sheffield to Listerhill in Colbert County.

Lane Springs is in the northwest part of Colbert County about eight miles north of Cherokee. There is no public transportation between Lane Springs and Cherokee. Armour has a plant employing approximately seven hundred people located halfway between Lane Springs and Cherokee.

The distance from Cherokee to Tuscumbia is seventeen miles. Over this seventeen miles, the protestant, Continental Tennessee Lines, operates buses which run between Memphis and Florence.

The proposed route continues nine miles through the adjoining cities of Tuscumbia and Sheffield to Listerhill. All distances herein given are approximate.

The Basdens propose to provide three round trips a day to accommodate the changing shifts of workers at the manufacturing plants of Armour, Diamond Alkali, TVA, Metalurgical, Ford, and Reynolds. This is a growing area.

Continental or Trailways has buses over part of the route, but none at the time of day when the shifts change.

Continental, Joiner, and Bolton, three bus lines which operate in Colbert County, protested granting the certificate. After oral hearing the Alabama Public Service Commission granted the application for certificate. The order recites in part:

"Upon this record, therefore, the Commission is of the opinion and finds that the applicant is fit, willing and able to properly perform the service proposed and to conform with the applicable provisions of law and the requirements and rules and regulations thereunder, and that the proposed service is and will be required by the present and future public convenience and necessity, and that the application in this cause should be granted."

Continental filed application for reconsideration, contending that the evidence did not authorize the order granting the certificate and contending particularly that the Commission erred in not restricting the certificate to forbid the Basdens from rendering charter service. The Commission denied the application for reconsideration and Continental appealed to the circuit court, in equity.

The circuit court affirmed the granting of the certificate but remanded the cause to the Commission with directions that the Commission modify its order so as to require that "No special or chartered party or parties shall be transported under this certificate."

The Commission appealed to this court and Continental has cross assigned errors. The applicants, the Basdens, have filed brief in support of the appeal. They contend that the circuit court erred in ordering the charter service restriction. Continental contends that the circuit court erred in not setting the certificate aside in its entirety.

We first consider the cross assignment. We repeat the rules which govern our review:

"The application for a franchise, styled a certificate of 'convenience and necessity,' was made under Section Nine of the 'Alabama Motor Carrier Act of 1939,' Acts of 1939, p. 1064 et seq., now codified as Section 301(1) to 301(32), Title 48, Code of 1940.

"The pertinent portions of Section 301(9) read: 'A. Subject to the provisions * * * of paragraph B of this section, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing, and able to properly perform the service proposed and to conform with the provisions of this article and requirements, rules, and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied; * * * B. Before granting a certificate to a common carrier by motor vehicle the commission shall, among other things, consider the following: (1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs. (2) Financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around. (3) The advantages to the public of the proposed service.'

"Appeals from the orders of the Commission to the Circuit Court, sitting in equity, thence to this court, are governed by Section 301(27). So far as here pertinent, this section provides such appeals 'shall be governed by the provisions of the law now in force, or hereafter enacted, respecting appeals in other cases from the final order and actions of the commission.' This reference makes applicable Section 82, Title 48, Code of 1940, which, in pertinent part, reads: 'The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence.' " North Alabama Motor Express v. Rookis, 244 Ala. 137, 139, 12 So.2d 183, 184.

On full consideration of the evidence, we conclude that it presented a case peculiarly addressed to the Commission whose finding should not be overturned by setting up any opposing judgment or conclusion of our own, and so we hold the cross assignment to be without merit.

As to the assignment on the appeal, Continental contends that the evidence shows no necessity for the Basdens to be authorized to give charter service. Some or all of the protestants testified that their revenue from charter service was substantial and necessary to their financial survival. The cost per mile for operating a charter bus is considerably less than for a regular bus. The evidence indicates that the charter service is the cream of the business. Continental contends that the Commission and the court have the authority and duty to deny charter authority to an applicant for a passenger certificate unless he proves that there is a necessity for the applicant to give charter service.

We do not agree. As here pertinent, § 301(10), Title 48, 1958 Recompilation of Code 1940, recites:

"A. Any certificate issued under section 301(8) of this title and section 301(9) of this title shall specify the service to be rendered and the routes over which, the fixed termini, if any, between which, and the intermediate and off-route points, if any, at which, and in case of operations not over specified routes or between fixed termini, the territory within which the motor carrier is authorized to operate; and there shall at the time of issuance and from time to time thereafter, be attached to the exercise of the privilege granted by the certificate such reasonable terms, conditions and limitations as the public convenience and necessity may from time to time require, including terms, conditions and limitations as to the extension of the route or routes of the carrier, and such terms and conditions as are necessary to carry out, with respect to the operations of the carrier, the requirements established by the commission under this article, provided, however that the carrier may add to his or its equipment and facilities over the routes, between the termini, or within the territory specified in the certificate, as the development of the business and the demands of the public shall require, subject to such reasonable regulations as the commission may prescribe. B. A common carrier by motor vehicle operating under any such certificate may occasionally deviate from the route over which or the fixed termini between which, it is authorized to operate under the certificate, under such general rules and regulations as the commission may prescribe. C. Any common carrier by motor vehicle transporting passengers under a certificate issued or effective under this act may transport to any place, a special or chartered party or parties, under such rules and regulations as the commission prescribed; and every common carrier by motor vehicle transporting passengers not holding a certificate of public convenience and necessity, issued under this article, but holding a certificate of public convenience and necessity from the interstate commerce commission issued pursuant to Motor Carrier Act 1935, 49 U.S.C.A., Sec. 302, e. s., as now or hereafter amended, may transport on the highways of this state special or chartered parties under such rules and regulations as the commission shall prescribe, provided, however, that no such carrier shall be permitted to make more than two trips during a period of one month, and provided further that before any such trip is permitted the carrier shall present to the commission proper evidence of public liability and property damage insurance covering the vehicle or vehicles to be used in making such trip and shall pay to the State of Alabama the mileage tax prescribed by law and shall furnish the commission with such other information as the commission by general or special rule or regulation may reasonably require. D. A certificate for the transportation of passengers may include authority to transport in the same vehicle with the passengers, newspapers, baggage of passengers, express or mail, or to transport baggage of passengers in a separate vehicle. . . . . "

It is true, as Continental argues, that in many respects, the Commission is authorized to limit the certificate, but we do not think the Commission can limit the charter authority. If the legislature had intended to allow the Commission to take away charter authority from a duly authorized common carrier, there would be no point at all in mentioning the matter in subsection C. It will be noted that the provision authorizing charter service by an intrastate carrier is set out in the same sentence with the provision authorizing interstate carriers to transport chartered parties. Is it to be supposed that the legislature intended to allow the Commission to grant charter authority to one interstate carrier and deny such authority to another interstate carrier?

The difference in language in subsections B, C, and D is apparent. In B and

C, the legislature said a carrier "may occasionally deviate" and "may transport . . . . a special or chartered party," while in D the legislature said "A certificate . . . . may include authority to transport . . . . baggage . . . . express or mail . . . . ."

 The distinction is that the authority conferred by B and C is written into the certificate by the statute. The authority in D must be written into the certificate by the Commission. In connection with subsection D, see Railway Express Agency, Inc. v. Alabama Public Service Commission, 265 Ala. 369, 91 So.2d 489.

In its first order in the instant case, the Commission said:

". . . . in view of the fact that charter rights go along with certificates issued by the Commission, we do not believe it would be reasonable to undertake to withhold charter rights from this applicant upon the testimony of record."

The Commission was correct in saying that "charter rights go along with certificates." This court has said:

". . . . Of course, it is for the court and not the public service commission to construe the orders of the latter, but 'contemporary construction and official usage are among the legitimate aids in the interpretation of statutes.' Wetmore v. State, 55 Ala. 198. . . . . " Alabama Power Company v. Patterson, 224 Ala. 3, 5, 138 So. 421; Smith Transfer Company v. Alabama Public Service Commission, 271 Ala. 177, 123 So.2d 28.

While administrative construction of a statute is not binding on this court, such construction is persuasive and to be considered. Hamm v. Continental Gin Company, 276 Ala. 611, 614, 165 So.2d 392.

We are of opinion that the circuit Court erred in directing restriction of the certificate. The decree appealed from is reversed and decree will be here rendered affirming the order of the Commission.

Reversed and rendered.

SIMPSON, MERRILL, and BLOODWORTH, JJ., concur.