Appellants C.W. Moody, as State Forester of the State of Alabama, and B.G. Bryant, T.L. Payne and E.P. Brown, as members of the Board of Commissioners of the Alabama Peace Officers Annuity and Benefit Fund, defendants below, bring this appeal to challenge a final decree of the Montgomery County Circuit Court in favor of appellees Harold Ingram and others.
The suit which is the basis of this appeal was filed by the appellees to secure the following:
 (1) Membership in the Alabama Peace Officers Annuity and Benefit Fund (hereinafter referred to as the Fund), established by Act No. 999, Regular Session 1969 (§ 36-21-66, Code 1975);
 (2) Subsistence allowance of $5.00 per day for law enforcement officers provided by Act No. 763, Regular Session 1973 (§ 36-21-2, Code 1975); and
 (3) Lump-sum longevity pay for law enforcement officers provided by Act No. 206, Third Special Session 1975 (§ 36-21-3, Code 1975).
Following a non-jury hearing the trial court granted all relief requested by the appellees. Upon motion by the appellants this court stayed the order of the trial court pending the outcome of this appeal.
Appellees are employed by the Alabama Forestry Commission as "communications technicians." Their duties are to operate and maintain the Forestry Commission's statewide radio system which is used primarily to aid in suppressing forest fires. Each appellee, as an employee of the Department of Conservation (now Forestry Commission), appears to possess powers of deputy sheriffs for the enforcement of the fire and forestry laws of this state by virtue of statute. See Tit. 8, § 206, Code of Alabama 1940, as amended by Act No. 724, Regular Session 1967 (§ 9-13-10, Code 1975). As such, each appellee was issued a commission for such law enforcement purposes as well as an appropriate badge, although not one of the appellees has ever made an arrest or been involved in the investigation of thefts or vandalism to the Forestry Commission's equipment except to identify radios in court. *Page 515 
Appellants Bryant, Payne and Brown, as members of the Board of Commissioners of the Fund, denied membership in the Fund to appellees. Appellant Moody then declared in an administrative decision that certain employees, including the appellees, were required to be members of the Fund to receive benefits under Act No. 763 (§ 36-21-2, Code 1975), and Act No. 206 (§ 36-21-3, Code 1975). He therefore denied such payments to appellees.
It is the position of appellants Bryant, Payne and Brown that the trial court erroneously declared the appellees eligible for membership in the Fund which provides retirement benefits to "peace officers." They argue that these appellees are not "peace officers" for purposes of Fund membership because their primary duties are as communications technicians for the Forestry Commission's radio system, not as law enforcement officers. Appellees assert, however, that the possession of the previously described commission and badge qualifies them as "peace officers" eligible for membership in the Fund.
We begin by noting that under Title 8, section 206, Code of Alabama 1940 (§ 9-13-10, Code 1975), "all employees" of the Forestry Commission are by law given the powers of deputy sheriffs to enforce fire and forestry laws. If mere possession of such powers by employees of the department of determinative of eligibility for membership in the Fund, then even clerical personnel could logically claim membership and benefits. We do not believe this to be the legislative intent. Therefore, we must determine eligibility of these appellees by reference to the definition of "peace officer" found in Act No. 999 as amended, now codified in section 36-21-60 (10), Code of Alabama 1975, to-wit:
 "(10) PEACE OFFICER. A person duly sworn as a peace officer of the state of Alabama possessing powers of arrest and employed by the state, any political subdivision thereof or any municipal corporation therein who is required by the terms of his employment, whether such employment exists by virtue of election or appointment, to give his full time to the preservation of public order and the protection of life or property or the detection of crime in the state. Such term shall include enforcement officers for conservation laws and full-time coroners, but shall not include any pardon, parole or probation officer, district attorney, assistant attorney general, commissioner, deputy commissioner or any municipal inspector, county inspector or state inspector."
This court has not previously interpreted the above quoted statutory language. However, we believe the requirements of this act are explicit that, in order to qualify as a "peace officer" thereunder, a person must first have the power of arrest, and second, be required by the terms of him employment as his primary duty to give his full time to the preservation of public order and the protection of life or property or the detection of crime.
Even though the appellees in this case have the powers of deputy sheriffs to enforce fire and forestry laws, the terms of their employment, as shown by job description and other evidence presented at trial as to their actual duties, fail to require that these appellees give full time to the duties of a peace officer. Further, according to testimony from one of the appellees at trial, the primary duties of the appellees are as communications technicians who have the responsibility of operating and maintaining the radio system of the Forestry Commission. It therefore follows that these appellees do not qualify as "peace officers" under the terms of Act No. 999 creating the Fund.
As previously stated, we have no decisions from this court as authority for the holding in this appeal. However, in interpreting statutory language substantially similar to Act No. 999 as amended, Section 36-21-60 (10), Code of Alabama 1975, the Supreme Court of Georgia has found that persons who are eligible for membership as "peace officers" in that state's Peace Officers' Annuity and Benefit Fund are those who devote their full time as their primary duty to the preservation of public order, or *Page 516 
the protection of life and property, or the detection of crime.See, e.g., Vandiver v. Endicott, 215 Ga. 250, 109 S.E.2d 775
(1959); McCallum v. Almand, 213 Ga. 701, 100 S.E.2d 924 (1957).
We further note that the power and duty to determine who is a "peace officer" within the meaning of Act No. 999 lies in the Board of Commissioners of the Fund. § 36-21-64 (5), Code of Alabama 1975. Appellants Bryant, Payne and Brown made the determination that these appellees are not "peace officers" for purposes of membership in the Fund. While administrative construction of a statute is not binding on this court, such construction is persuasive and is to be considered favorably.Boswell v. Abex Corporation, 294 Ala. 334, 317 So.2d 317
(1975); Alabama Public Service Commission v. ContinentalTennessee Lines, 284 Ala. 27, 221 So.2d 385 (1969); Buchanan v.State, 274 Ala. 592, 150 So.2d 200 (1962).
Appellants secondly assert that, contrary to the decision of the trial court, appellees are not entitled to the $5.00 per day subsistence allowance under Act No. 763 (§ 36-21-2, Code 1975). Upon submission of the case to this court, appellees admitted reversal as to this issue for the following reasons. Act No. 763 (§ 36-21-2, Code 1975), provides, in pertinent part, the following:
 "Any state law enforcement officer of the state of Alabama who is employed by the department of public safety, department of conservation and natural resources, Alabama alcoholic beverage control board, department of agriculture and industries or the transportation enforcement division of the Alabama public service commission shall receive a subsistence allowance of $5.00 for each working day of a pay period while engaged in and in the performance of his duties as a law enforcement officer."
Under the clear wording of this statute, only those state law enforcement officers who are employed by the specifically enumerated departments are eligible to receive the allowance. Therefore, appellees, as employees of the Forestry Commission, which is not among the enumerated departments, are not entitled to the allowance.
That portion of the trial court decree entitling the appellees to lump-sum longevity pay for law enforcement officers and police communications officers, provided by Act No. 206 (§ 36-21-3, Code 1975), is uncontested on appeal.
Accordingly, this cause is reversed and remanded to the trial court for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.