EMBRY, Justice.
Appellants, 19 employees[1] of the Alabama Department of Conservation and Nat *893 ural Resources, serving in the Wildlife Section of the Game and Fish Division, sought a writ of mandamus and declaratory relief against the Board of Commissioners[2] of the Alabama Peace Officers’ Annuity and Benefit Fund. They sought to establish themselves as eligible to participate as members of the Alabama Peace Officers’ Annuity and Benefit Fund, and alleged that the Board members had a clear duty to accept them as members of the Fund but had refused to do so. They also charged that defendants, acting under color of state law, had arbitrarily and capriciously denied them membership benefits in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[3]
The complaint alleged that 11 appellants had, in fact, formerly participated in the fund but were discontinued on or about 20 September 1978, and the remaining seven had applied for membership but their applications had been denied; defendants admitted the truth of the latter allegations. It was further alleged that each was entitled to membership in the fund because they came within the definition of a “peace officer” as defined by Code 1975, § 36-21-60(10):
PEACE OFFICER. A person duly sworn as a peace officer of the state of Alabama possessing powers of arrest and employed by the state, any political subdivision thereof or any municipal corporation therein who is required by the terms of his employment, whether such employment exists by virtue of election or appointment, to give his full time to the preservation of public order and the protection of life or property or the detection of crime in the state. Such term shall include enforcement officers for conservation laws and full-time coroners, but shall not include any pardon, parole or probation officer, district attorney, assistant district attorney, assistant attorney general, commissioner, deputy commissioner or any municipal inspector, county inspector or state inspector. [Emphasis added.]
Bryant, Holt, and Jackson concede that appellants, as employees of the Department of Conservation and Natural Resources, were designated by Code 1975, § 9-11-5, as peace officers and possessed the powers of arrest. After a non-jury trial, judgment was entered which in pertinent part reads as follows:
This case is submitted on the pleadings, the exhibits admitted as evidence, and the testimony of the parties and witnesses taken ore tenus.
Upon consideration of all the evidence, the Court is of the opinion and finds that the Plaintiffs are not peace officers as that term is defined Ala. Code, § 36-21-60(10).
The Court is further of the opinion and finds Defendants have not violated Plaintiffs’ right to substantive due process under the Fourteenth Amendment of the United States Constitution in refusing to accept them into membership of the Peace Officers’ Annuity and Benefit Fund.
It is therefore ORDERED, ADJUDGED and DECREED as follows:
1. That judgment be for Defendants against Plaintiffs.
2. That the costs of this proceeding be taxed against Plaintiffs for which let execution issue.
*894 Appellants then filed a motion for new trial or, in the alternative, to amend the judgment to include findings of fact as provided for by Rule 52, ARCP. The motion was heard and then findings of fact and judgment were entered as follows:
This case is submitted on plaintiffs’ motion for new trial and for amendment of judgment. Upon consideration thereof, the court hereinbelow makes the following findings of fact separately as to Paul Mattacks[4] and the other plaintiffs.
FINDINGS OF FACT
AS TO MATTACKS
1. While Mr. Mattacks is classified as a Biologist Aide II, his testimony, as well as that of others, confirms that he is and has been a “trouble shooter” for the enforcement division of the Conservation Department.
2. He assists the enforcement division in patrolling refuge areas and has made numerous arrests.
3. He has assisted in investigations of timber thefts.
4. He has the responsibility for maintaining records on fur trappers and arresting violators. He is the only person who could sign a warrant for a trapping violation.
5. While Mr. Mattacks’ job classification does not mention law enforcement, his actual duties have been with and for the enforcement division.
Therefore, the court finds that Mr. Mattacks’ motion for a new trial is due to be granted and that judgment should be entered in favor of Plaintiff Mattacks.
FINDINGS OF FACTS
AS TO REMAINING PLAINTIFFS
1. The general overall purpose of the Conservation Department is to propagate, preserve and protect wildlife in this state.
2. Each of the plaintiffs is an employee of the game and fish division of the wildlife section of the Conservation Department.
3. Plaintiffs have a commission, badge and power of a deputy sheriff for the enforcement of conservation laws only.
4. By statute, each employee (including clerks and secretaries) of the Conservation Department has the same power of arrest.
5. Membership in the Alabama Peace Officers’ Annuity and Benefit Fund is controlled by Ala. Code, § 36-21-60(10). The definition of “peace officer” specifically includes the enforcement officers of conservation laws. Other employees of the Conservation Department must comply with the general definition of “peace officer” to become members of the Fund.
6. A specific requirement for membership is for the applicant to give his “full time” to the preservation of public order and the protection of life or property or detection of crime in the state. Although the plaintiffs do perform tasks that from time to time are related to enforcement activities, their full time is not given to law enforcement, et cetera.
7. The plaintiffs in this case are classified by the merit system of the State of Alabama as Biologist V, Biologist IV, District Biologist, and Area Biologist. The Biologist can move up through the ranks of the Conservation Department; however, enforcement officers cannot. Indeed, it appears that a primary reason for the requirement-that one be a biologist is so that one can move up through the ranks.
8. The court has considered the job descriptions as defined by the merit system and also the actual duties of the plaintiffs. Without exception, the job descriptions of these plaintiffs do not mention law enforcement, peace officer, protection of life or property, or the detection of crime.
9. The primary duty of enforcing the conservation laws is placed on the enforcement officers.
*895 10. The plaintiff biologists are expected by their superiors and required by the terms of their employment to perform some law enforcement duties in enforcing the provisions of the game and fish laws and the rules and regulations promulgated thereunder.
11. The court has considered testimony from the plaintiffs concerning their individual day-to-day activities. While it appears that some of the plaintiffs detain fish and game violators, enforcement officers in most instances are called in to make actual arrests. From the testimony, the detention of these violators occurs primarily during the hunting season. The court is of the opinion that this does not comply with the statute which reads that one must be required by the terms of his employment to give his full time to the preservation of public order, et cet-era.
12. Defendants’ procedure for admitting applicants has not substantially changed since its inception. The only change was made in 1975 to include on the application a space for certification by an applicant supervisor that the appellant is, in fact, a law enforcement officer.
13. Some of the plaintiffs who were denied membership into the Fund were never certified as law enforcement officers.
14. Other plaintiffs who were previously certified were certified by persons not authorized to do so.
15. Defendants actively solicit new members.
16. The court concludes from the testimony that there was no discrimination against these plaintiffs. Refusal by the Board to accept new members will not increase or decrease benefits to existing members or members of the Board.
17. Ala. Code, § 36-21-64(5), gives the power to determine who is a peace officer to the Board of Commissioners. The Board, after fair investigation, determined the defendants were not eligible for membership. While administrative construction of a statute is not binding on the court, in the absence of a showing that the decision was arbitrary and capricious, such construction is persuasive and should be considered favorably.
18.The Alabama statutes for the Alabama Peace Officers Annuity and Benefit Funds were patterned after the Georgia statutes and are almost identical. The only Alabama case cited to the court was Moody v. Ingram, 361 So.2d 513 (Ala.). The Supreme Court held in that case that radio operators (technicians) who have the power of deputy sheriffs to enforce conservation laws were not by the terms of their employment or actual duties, required to devote their full time to the duties of a law enforcement officer. Numerous Georgia cases were cited and considered by the court.
The court finds from all the evidence presented that the plaintiffs have not met the burden of proof that they are peace officers as defined in the statute. It is therefore ORDERED, as follows:
(1) That the motion for new trial on behalf of plaintiff Mattacks is due to be, and the same is, hereby GRANTED and that judgment be entered in favor of plaintiff Mattacks against the defendants and that defendants place plaintiff Mat-tacks on the roll of the Peace Officers’ Annuity and Benefit Fund and allow plaintiff Mattacks, if he so desires, to pay all sums into fund which he could have or would have been required to pay from the date of the filing of this action.
(2) The motion for new trial and amendment of judgment as to the remaining plaintiffs is due to be, and the same is, hereby DENIED.
All plaintiffs except Mattocks appeal from both the original judgment and the amended one. The defendants cross-appeal from the judgment in favor of Mattocks.
The judgment below in favor of Mattocks is due to be reversed and that in favor of Bryant, Holt, and Jackson is due to be affirmed.
Appellants, and cross-appellee, earnestly, with masterly skill and art, in a *896 herculean effort to reverse the original and amended judgment adverse to appellants and to sustain that favoring cross-appellee, urge that under the facts and law applicable to this case, appellants as well as cross-appellee, are peace officers as defined by Code 1975, § 36-21-60 (heretofore set out verbatim), and therefore entitled to participate in the Peace Officers’ Annuity and Benefit Fund. Code 1975, Tit. 36, Chap. 21, Art. 4. As they say, the question, in the context of this appeal, is not whether appellants and Mattocks are law enforcement officers but whether they fall within the definition of “Peace Officer” within the meaning of § 36-21-60(10) for the purposes of the Fund. They contend that the answer is in the affirmative. In very exhaustive and articulate briefs and oral argument, this conclusion is urged to be the correct one. We cannot agree.
Under the facts of this case, Moody v. Ingram, 361 So.2d 513 (Ala.1978), controls the outcome without reference to other authority. The questions posed for resolution in this case under Moody are: (1) What are the terms of these persons’ employment, and where are those terms to be found?; (2) Do those terms of employment require, as the primary duty of the employee, full-time devotion to the preservation of public order and the protection of life or property or the detection of crime? We think these questions can be answered without a great deal of difficulty by resort to logic and the facts of this case coupled with an application of the Moody rationale.
Each of the employees affected by the outcome of this litigation is employed in a job with the State of Alabama that has been classified by the State Personnel Board (known as the Classified Service or Merit System), holding a specified class position; the specifications consisting of the title of the position, a description of the duties and responsibilities, and a statement of qualifications for the position that are required by way of knowledge, skill, education, experience and the like. The specific merit system classifications of the employees affected by this litigation range from Biologist V, Biologist IV, Biologist III, Biologist II to Biologist Aide. The classifications are normally broken down into four parts: Definition; Examples of Work Performed; Required Knowledge, Skills, and Abilities; and Qualifications. As an example the following is the job classification of Biologist II:
(Game)
BIOLOGIST II (Inland Fish)
(Marine)

DEFINITION

This is advanced management and scientific research work in the development and improvement of state game, fish, and seafood resources.
Employees in this class are responsible for conducting a field or laboratory project connected with fish, game, and marine conservation. Duties may include supervision over a small group of technical employees and other skilled and unskilled laborers. Technical work is performed with some independence within the scope of project objectives and limitations. Field or laboratory findings are subject to check by professional superiors who confer with employees on unusual problems and who review conclusions and reports before their release for publication or use in wildlife management.

EXAMPLES OF WORK PERFORMED

Conducts game management program; selects and supervises the planting of food strips and the construction of fire lanes; conducts food studies on wildlife species.
Coordinates work of an assigned game research program; assists in selecting population and production factors of game birds and animals; studies the effects of farming practices on various species of game.
Conducts ecological studies of game animals, involving live trapping, specimen collecting, studying food habits and examining animals for diseases and parasites.
Conducts fishery surveys on creeks and rivers and in private lakes and ponds to *897 determine productivity and composition of fish populations; advises lake owners on sound management practices and on methods of controlling plant and animal predators.
Conducts marine laboratory research on oysters, crabs, shrimp, and other sea-foods in state waters; assists in conducting seafood population and ecological studies.
Performs related work as required.

REQUIRED KNOWLEDGES, SKILLS, AND ABILITIES

Knowledge of the ecology and life history of fish and wildlife species.
Knowledge of the wildlife and fish conservation programs.
Knowledge of a plant, animal, and fish taxonomy.
Ability to do independent research in biology.
Ability to collect and organize scientific data and to make accurate reports.
Ability to make routine chemical analy-ses of soil and water conditions in relation to their effects on wildlife.

QUALIFICATIONS

Graduation from a four-year college or university with major course work in game management, fisheries management, or marine biology, preferably supplemented by graduate work to the level of master’s degree in the field of specialization to which assigned.
Some experience in biological research in the general area of specialization or in the conduct of a program of wildlife development.
In no instance does the classification of these affected employees, including Mattocks, make mention of enforcement of laws, preservation of public order, the protection of life or property, or the detection of crime. It is true, as able counsel for appellants points out, the Alabama Department of Conservation and Natural Resources is charged with the responsibility of protecting, conserving, and increasing the wildlife of the state and administering all laws relating to wildlife and its protection, conservation, and increase. Code 1975, § 9-2-2(l). It is also true that:
The commissioner of conservation and natural resources, his wardens, agents and employees shall be and are hereby constituted peace officers of the state of Alabama with full and unlimited police power and jurisdiction to enforce the provisions of the game and fish laws and the rules and regulations promulgated thereunder, and they may exercise such power in any county of the state of Alabama or in or on any waters of the state of Alabama or within the territorial jurisdiction of the state. [Code 1975, § 9-11-5.]
True too, it is, that:
All enforcement officers and inspectors employed by the commissioner of conservation and natural resources are clothed with the power and authority of deputy sheriffs and shall arrest without warrant and carry before the district court of the county in which an offense is committed any person violating any of the provisions of the game and fish laws or the rules and regulations made and promulgated thereunder. [Code 1975, § 9-11-8.]
An “officer” includes every person authorized to enforce the provisions of the game and fish laws. Code 1975, § 9-11-1(3). All this is quite true, and in addition, from time to time, primarily during hunting seasons, employees in the Wildlife Section of the Game and Fish Division detained or arrested violators; however, as a matter of policy the violators are turned over to officers of the Law Enforcement Section. The primary full-time duty of those officers is the enforcement of conservation laws. That section is one of three of the Department: Wildlife, Fisheries and Law Enforcement. On the other hand, the primary full-time duties of appellants and Mattocks are not of an enforcement nature.
In light of all the evidence in this case, and the clear wording of § 36-21-60(10), the inescapable conclusion is that neither appellants nor Mattocks qualify as eligible peace officers within the definition and intent of § 36-21-60(10). The terms of their *898 employment are first and foremost fixed by their respective merit system job classification and position description. Regardless of the assignment and performance of duties, within the scope of that classification, those terms of employment do not assign either of them the primary duty to give full time to the preservation of public order and the protection of life or property or the detection of crime. Although the facts in Moody differ, and although the actual duties of appellants included some time devoted to those of a peace officer, as was most of Mattocks’ time; nevertheless, it is clear under the Moody rationale that employment is effected under the terms of the merit system job description, including qualifications, duties, skill, experience, and the like. In aid of this conclusion, we find support in the maxim expressio unius est exclusio a/-. terius. When § 36-21-60(10) was amended, and for the first time the words “... Such term shall include enforcement officers for conservation laws ....”, we think it fair to deduce that it was the intention of the legislature to exclude other conservation officers or employees. Bagley v. City of Mobile, 352 So.2d 1115, 1120 (Ala.1977).
With regard to appellants’ claim, under 42 U.S.C., § 1983, they say that they are entitled to declaratory relief and a writ of mandamus because appellees, while acting under color of state law, denied them substantive due process of law afforded them under the Fourteenth Amendment to the United States Constitution by depriving them of a federal right because denial of their right to participation in the Fund was arbitrary, unreasonable, and capricious action upon the part of appellees, members of the Board of the Fund, and therefore viola-tive of substantive due process. In brief, and orally before this court, eloquent argument is made in support of this contention. We cannot see its validity. One of the authorities cited in support of the point is the case of Frozen Food Express, Inc. v. United States, 535 F.2d 877, 880 (5th Cir. 1976), quoting from Judge Brown’s separate concurring opinion in Mary Carter Paint Co. v.. F.T.C., 333 F.2d 654, 660 (5th Cir. 1964) (rev’d on other grounds, 382 U.S. 46, 86 S.Ct. 219, 15 L.Ed.2d 128 (1965)):
But law does not permit an agency to grant to one person the right to do that which it denies to another similarly situated. There may not be a rule for Monday, and another for Tuesday, a rule for general application, but denied outright in a specific case.
In this case, there has been no departure from that very admirable and fine precept. The legislature provided that a certain defined class be eligible for participation in the Fund. Code 1975, § 36-21-60(10). It also placed the power and duty of determining who belonged to that class in the Board of Commissioners of the Fund. Code 1975, § 36-21-64(5), Moody, supra. The Board made the determination, the trial court concurred (except as to Mattocks), and this court has affirmed the actions of both the Board and the trial court (again except as to Mattocks). Therefore, we are constrained to hold there has been no denial of appellants’ substantive due process rights.
As requested by appellants and cross-ap-pellee, the trial court made findings of fact pursuant to Rule 52, ARCP. As to those respecting Paul Mattocks, the trial court misapplied the law and therefore they are due to be set aside and held for naught and the judgment entered in his favor is hereby set aside and judgment here entered against him and in favor of B. G. Bryant, H. Glenn Holt, and James Jackson, the Board of Commissioners of the Alabama Peace Officers’ Annuity and Benefit Fund. Paul Mattocks’ action below is hereby ordered dismissed.
Regarding the findings of fact respecting appellants, they are amply supported by the evidence of record, heard by the trial court ore tenus, and are therefore due to be and are upheld. The judgment below of 13 December 1979 is due to be and is hereby affirmed.
AFFIRMED IN PART AND REVERSED IN PART AND RENDERED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.

. William L. Holland, III, as Executor of the Estate of William L. Holland; Wayne F. Collin; James E. Keeler; W. Walter Beshears; Lloyd C. Crawford; James R. Davis; James H. Eng *893 lish; William F. Kelly; William A. Coggins; Keith D. Guyse; Kenneth G. Johnson; Gary Moody; David Nelson; Larry Rush; Eugene J. Widder; Dudley A. White; Paul Mattocks, Tony Wiggins and Charles Richard Claybrook. One of the employees, William L. Holland, is deceased and is represented by the executor of his will, William L. Holland, III. An additional original plaintiff, William J. Hamrick, was dismissed as a plaintiff because he resigned from his employment while this litigation was pending.

. B. G. Bryant, H. Glenn Holt, and James Jackson.

. This is an action brought under the authority of 42 U.S.C., § 1983, and commonly referred to by lawyers as a 1983 claim.

. This name is correctly spelled “Mattocks.”