MADDOX, Justice.
The dispositive issue here is whether an employee who is classified under the merit system as a Forest Ranger II and has been appointed as a “forest law enforcement officer” pursuant to Code 1975, § 9-13-10, meets the definition of “state policeman”, as defined in § 36-27-1(23), and thus may retire on disability without regard to the number of years of creditable service. The trial court held that he could not. We affirm.
The facts of this case are essentially as follows: James Earl Honeycutt (plaintiff-appellant) was first employed by the Alabama Forestry Commission as a Forest Patrolman I on May 10, 1972. He received a provisional appointment as a Forest Patrolman II on November 22, 1972, and was subsequently given permanent status as a Patrolman II on December 5, 1972. He resigned his position on November 29,1974, but was reemployed as a Patrolman II on January 3, 1975. Effective March 12, 1975, the State Personnel Department changed the title of his position from Forest Patrolman II to Forest Ranger I. Beginning on November 25, 1975, Mr. Honeycutt was placed on leave without pay for one year to enable him to recuperate from a back injury which he alleges occurred on or before January 8, 1974. Mr. Honeycutt stayed on leave without pay for approximately three weeks, returning to work on December 16, 1975. He was appointed a Forest Ranger II on June 20, 1977, and has continued in that merit system classification until now. On September 22, 1980, Mr. Honeycutt again injured his back. He was granted special leave with pay from that date for approximately six months, but has been on leave without pay since March 20, 1981.
On or about July 1, 1981, Mr. Honeycutt applied for disability retirement to begin on September 1, 1981. The Retirement System (defendant-appellee) notified Mr. Ho-neycutt by a letter dated July 16,1981, that he was ineligible for disability retirement because he had less than ten years creditable service with the state. On August 6, 1981, Mr. Honeycutt filed a complaint in the circuit court of Montgomery County seeking a declaratory judgment as to his eligibility to receive disability retirement benefits as a “state policeman” under the Alabama State Employees’ Retirement System law. On December 4, 1981, the case was tried without a jury and on June 30, 1982, the circuit court rendered its order denying *963 Mr. Honeycutt disability benefits as a “state policeman.” This appeal followed.
Appellant asserts in brief that:
“In addition to being a Forest Ranger II, Honeycutt was appointed and commissioned by the state forester as a Forest Law Enforcement Officer pursuant to § 9-13-10 Code of Alabama, 1975 which became effective May 19,1980. The Alabama Forestry Commission has established a law enforcement division for the specific responsibility of forest law enforcement. A Forest Ranger II can be a law enforcement officer if he meets the qualifications and is commissioned by the state forester. All persons classified as Forest Ranger II are not law enforcement officers.
“Honeycutt was a law enforcement officer in addition, and as distinguished, from being just a Forest Ranger II. . A Forest Ranger II who is a law enforcement officer has the responsibility for enforcing the laws of the state; whereas a Forest Ranger II who is not a law enforcement officer does not have the responsibility to enforce the laws of the state... . ”
“The merit system job system for Forest Ranger II does not contain any description of specific law enforcement duties except the following reference to investigation:
“ ‘Makes complete investigation of all fires to collect possible evidence which may be used in prosecuting the responsible persons.’
The job description does state a Forest Ranger II is to perform ‘related work’. Law enforcement, and the duties of a law enforcement officer, are considered a related- function of the Forest Ranger II who is a law enforcement officer and is construed as ‘related work’. Honeycutt’s authority to act as a law enforcement officer is within his job description.
“Honeycutt, as a Forest Ranger II appointed as a law enforcement officer, was also approved to perform the duties of a state investigator. State investigator was the title of a job classification in the Department of Public Safety. According to Richard Cumbie, the Director of the Forest Resource Protection Division which includes the Law Enforcement Division, Honeycutt had the authority to perform all the tasks of a state investigator.”
Thus, the appellant does not contend that he has met the definition of a “state policeman” since his initial employment with the Forestry Commission, but rather he argues that the change in Code 1975, § 9-13-10, expanded a Forestry Commission employee’s authority so that it is commensurate with that of a “state policeman.” Section 9-13-10 provides:
“All employees of the state forestry commission appointed as forest law enforcement officers by the state forester are hereby constituted peace officers of the state of Alabama with full police power and may exercise such powers anywhere within the state. They are hereby authorized to carry firearms or other weapons when they are actually in the discharge of their duties as such officers as provided by law. They shall be clothed with the power to arrest with or without warrant any person who shall violate any of the laws of the state of Alabama or any rule or regulation of the Alabama forestry commission and take him before a proper court for trial. All employees of the state forestry commission and all duly appointed officers of the United States whose duty it is to prevent and suppress forest fires are empowered to enter any lands and to construct thereon fire lines, fire lanes or fire breaks, to set back fires thereon if necessary to prevent the further spread of fire then actually burning and to do all other work necessary in the performance of their duties, including the right to enter any lands for the purpose of making investigations for the cause or causes of fires, without liability for trespass or damage therefrom.”
Section 36-27-1(23) defines “state policeman” as “[a]n employee in the classified service under the Merit System Act approved by the personnel board to perform *964 the duties of a highway patrolman or a beverage control agent or a crime investigator. ...”
The underlying consideration of statutory interpretation is to ascertain and effectuate the intent of the legislature as expressed in the statute. Employees’ Retirement System of Alabama v. Head, 369 So.2d 1227, 1228 (Ala.1979). But, we have made it clear that it is not the function of the court to usurp the role of the legislature and to amend statutes under the guise of construction. See State v. Praetorians, 226 Ala. 259, 261, 146 So. 411, 413 (1933). Thus, we must determine whether the legislature intended for an employee of the Forestry Commission who is appointed as a “forest law enforcement officer,” as provided by § 9-13-10, to be considered a “state policeman” for purposes of § 36-27-1(23) of the Alabama State Employees’ Retirement System Act.
In 1955, most state employees were included for the first time under the coverage of the Federal Social Security Act. Highway patrolmen, beverage control agents and crime investigators, as state policemen, however, were not brought within the coverage of the federal social security law. The legislature formally accounted for the difference in social security coverage for regular state employees and state policemen by adopting a joint resolution, Act No. 230, 1955 Ala. Acts 539, which called for increased benefits for state policemen to offset their ineligibility for social security coverage. As a result, while regular state employees and state policemen all participate in the Employees’ Retirement System, the contributions and benefits are different for state policemen and regular state employees. As an example, the Retirement System maintains that 5% is currently deducted from a regular state employee’s salary and 10.13% is contributed by the employing state agency. On the other hand, 10% is deducted from the salary of a state policeman and 20.91% is contributed by the employing agency. It was stipulated at trial that during the period that Honey-cutt was employed by the State of Alabama, the following retirement contribution rates were in effect:
EMPLOYEE CONTRIBUTIONS:
Regular Employee State Policeman
4% (5/1/72-12/31/75) 10% (5/1/72-8/7/81)
EMPLOYER CONTRIBUTIONS:
Regular Employee State Policeman
7.2% (5/1/72-12/1/73) 14.75% (5/1/72-12/1/73)
9.08% (12/1/73-12/1/74) 18.69% (12/1/73-12/1/74)
9.12% (12/1/74-10/1/75) 18.73% (12/1/74-10/1/75)
10.27% (10/1/75-10/1/77) 19.46% (10/1/75 -10/1/77)
9.63% (10/1/77-10/1/78) 20.32% (10/1/77-10/1/78)
10.33% (10/1/78-10/1/79) 21.01% (10/1/78-10/1/80)
10.23% (10/1/79-10/1/80)
10.13% (10/1/80-8/7/81) 20.91% (10/1/80-8/7/81)
The Board of Control of the Employees’ Retirement System has the authority “in all cases of doubt” to determine who is an employee within the meaning of the Employees’ Retirement System law. § 36-27-1. Furthermore, the Board of Control is vested with the responsibility for the general administration and proper operation of the Retirement System and given authority to establish rules and regulations for the administration of the system. § 36-27-23. The record discloses that no person employed by the State Forestry Commission now participates or has ever participated in the Employees’ Retirement System as a “state policeman.” The record also indicates that since the creation of the Employees’ Retirement System in 1945, the administrators of the system have never considered or treated either forest rangers or other employees in any of the approximately 100 merit system classifications which have been designated as “law enforcement” positions as state policemen for purposes of administering the retirement system law. Although the section of the retirement system law defining “state policeman” has been amended several times with only minor change since 1945 [1], the Court has held that “a longstanding administrative interpretation is especially persuasive where there has been legislative reenactment of the statute without substantial change.” *965 Jones v. Phillips, 279 Ala. 354, 358, 185 So.2d 378, 381 (1966). See also Moody v. Ingram, 361 So.2d 513 (Ala.1978).
Appellant Honeycutt asserts that the statutory definition of “state policeman” does not require that an individual be actually classified under the retirement system act as a highway patrolman, beverage control agent, or a crime investigator, but that one need merely be “approved” to perform the duties of those classifications. The appellant fürther asserts that he was “approved” to perform the duties of a “crime investigator” by virtue of his classifications Forest Ranger II and a “forest law enforcement officer.” The Retirement System points out that the reference in § 36-27-1(23) to “crime investigator” is a reference to a merit system classification which had been approved by the Personnel Board and existed at the time that classification was referenced in the act, but which has since been abolished as a separate classification and merged into a new classification in the Department of Public Safety. Moreover, while Mr. Honeycutt maintains that he was “approved” to perform the duties of a “state policeman,” we find no evidence or suggestion of the fact that the appellant was “approved” by the State Personnel Board to perform the duties of a “state policeman” as otherwise required by § 36-27-1(23).
In Moody v. Ingram, 361 So.2d 513 (Ala.1978), we considered the terms of employment, statutory powers and actual duties of certain “communication technicians” employed by the Department of Conservation to determine if they were “peace officers” for the purpose of receiving certain extra benefits under state law. This Court held that although the “communication technicians” in question had the power of deputy sheriffs to enforce conservation laws, they were not, by the terms of their employment or actual duties required to devote their full time to the duties of a law enforcement officer; therefore, they were not “peace officers.” In Moody, this Court noted that administrative construction of the statutory meaning of “peace officer” was persuasive, though not necessarily binding upon the Court. 361 So.2d at 516.
Similarly, in Holland v. Bryant, 402 So.2d 892 (Ala.1981), we ruled that employees of the Department of Conservation and Natural Resources, serving in the Wildlife Section of the Game and Fish Division, did not fall within the definition of a “peace officer” so as to qualify for participation in the Alabama Peace Officers Annuity and Benefit Fund. Our holding was specifically that:
■“. .. The terms of their employment are first and foremost fixed by their respective merit system job classification and position description. Regardless of the assignment and performance of duties, within the scope of that classification, those terms of employment do not assign either of them the primary duty to give full time to the preservation of public order and the protection of life or property or the detection of crime. Although the facts in Moody [v. Ingram, 361 So.2d 513 (Ala.1978)] differ, and although the actual duties of appellants included some time devoted to those of a peace officer, as was most of Mattocks’ time; nevertheless, it is clear under the Moody rationale that employment is effected under the terms of the merit system job description, including qualifications, duties, skill, experience, and the like.... ”
402 So.2d at 897, 898.
The primary duty of a Forest Ranger I and a Forest Ranger II is the suppression of forest fires. Mr. Honeycutt described his duties as follows:
“Maintain truck and tractor; maintain towers and tower sites; work in cooperation with other rangers; make out reports on equipment and fire reports; public relation work such as showing films and making speeches to groups and schools; contact landowners and advise them about forest management and pine beetles and other insects and .forest diseases; seek cooperation with landowners about using care in burning and reporting forest fires; attend ranger training courses on management and fire suppres *966 sion; enforce fire and forestry state laws; work with other law enforcement agencies when needed; assist in emergency situations such as hurricanes and tornadoes; on 24 hour call during fire seasons; help organize rural and community fire departments; I do forestry management work using forestry tools to measure timber volume when assisting landowners.”
By the appellant’s own admission, as much as 80% of his time was spent operating a tractor, truck and other forestry equipment, while an additional 4% of his time was spent operating a cutting torch and welder.
The job specifications issued by the State Personnel Department for the positions of Forest Ranger I and Forest Ranger II do not include law enforcement duties and no special law enforcement training is required by the Personnel Board for these positions. Although the appellant’s actual duties did include some law enforcement work relating to woods arson and timber theft, Richard Cumbie, Director of the Forest Resource Protection Division, which includes the Law Enforcement Division, testified at the trial that the actual purpose of the powers granted certain employees of the Forestry Commission is the enforcement of forest and conservation laws for the protection of the employees under emergency circumstances. We further note that the Forestry Commission’s operations manual, which explains the policies and procedures of the Commission and with which each employee is required to be familiar, likewise explains the benefits available to Forestry Commission employees. The benefits set forth in the manual are those benefits provided by law for regular state employees, not for state policemen, and the manual specifically states that a Forestry Commission employee must have served at least ten years in order to be eligible for disability benefits.
In applying the Moody rationale, we find the appellant is not a “state policeman” for purposes of § 36-27-1(23) and is therefore' ineligible to collect the disability benefits provided “state policemen” under the Alabama Employees’ Retirement System Act. Moreover, we are of the opinion that it was not the intent of the legislature when endowing an employee of the Forestry Commission appointed as a “forest law enforcement officer” with “full police power” pursuant to § 9-13-10, to make that individual a “state policeman” for purposes of § 36— 27-1(23). Because these statutes are not in pari materia, they are not to be construed together. Accordingly, we affirm the decision of the circuit court.
AFFIRMED.
JONES, ALMON, SHORES and BEAT-TY, JJ., concur.

. See Act No. 515, 1945 Ala.Acts 734 (this is the original act establishing the Employees’ Retirement System); Act No. 606, 1947 Ala. Acts 445; Act No. 364, 1955 Ala.Acts 883; and Act No. 28, 1957 Ala.Acts 59.