INGRAM, Judge.
These appeals arise from a dispute over the interpretation and application of Ala. Code 1975, § 36-21-2(a), which is as follows:
“(a) Any state law enforcement officer of the state of Alabama who is employed by the department of public safety, department of industrial relations, department of conservation and natural resources, Alabama alcoholic beverage control board, department of agriculture and industries, Alabama department of forensic sciences, the transportation enforcement division of the Alabama public service commission or any investigator employed by a district attorney on a full-time basis, shall receive a subsistence allowance of $8.00 for each working day of a pay period while engaged in the performance of his duties as a law enforcement officer. This allowance shall be in addition to all other compensation, expenses and allowances provided for such officers.”
The members of the Alabama State Corrections Association (members) contend that they should receive an $8.00 per day subsistence allowance pursuant to the above provision. After an ore tenus hearing, the trial court held that the members are not entitled, under the specific purview of § 36-21-2(a), to receive subsistence. The members appeal.
The dispositive issue on appeal is whether an agency not specifically enumerated in § 36-21-2(a) should receive the subsistence allowance.
The Supreme Court of Alabama has addressed this issue and ruled that: “Un *1359 der the clear wording of this statute [§ 36-21-2], only those state law enforcement officers who are employed by the specifically enumerated departments are eligible to receive the allowance.” Moody v. Ingram, 361 So.2d 513, 516 (Ala.1978). Therefore, it is clear that the members are not entitled to receive the subsistence allowance, since the Alabama State Corrections Association is not specifically enumerated in the statute.
Nevertheless, the members argue that Moody, supra, should be overruled, as their rights to due process and equal protection of the law are being violated. We would note, however, that it is not this court’s prerogative to overturn authority of our Supreme Court. Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App.1982). See also Ala.Code 1975, § 12-3-10 (1986 Repl. Vol.) Therefore, in view of Moody, we have no alternative but to affirm the trial court’s determination that the members are not entitled to the $8.00 per day subsistence allowance.
In view of the above, we pretermit any discussion of the denial of the motion for summary judgment.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.