Mr. Bobby Norman, Director Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, Arkansas 72032
Dear Mr. Norman:
This is in response to your request for an opinion concerning the law enforcement certification of Forestry Commission "Forest Ranger I" employees. You have posed the following three questions:
 1. Does the Forestry Commission have the authority to discontinue pursuing certification through Minimum Standards?
 2. Will this decision have to be made by the Commission on Law Enforcement Standards and Training?
 3. Will the Arkansas Code have to be amended in order to discontinue pursuing law enforcement certification for Forest Ranger I's?
Apparently the Forestry Commission for various reasons wishes to cease having its "Forest Ranger I" employees certified through the law enforcement academy. Your first question is whether it has the authority to do so. It is my opinion that it does not have the authority to determine and construe the types of individuals who are to be considered "law enforcement officers" under A.C.A. § 12-9-102 (1). As the agency administering the law enforcement certification statutes, the Commission on Law Enforcement Standards and Training is the entity charged with the responsibility of construing these statutes and determining in the first instance which personnel are "law enforcement officers." See also Op. Att'y. Gen. of April 4, 1978. Any ultimate decisions in this regard will be made by the judiciary.
The Arkansas Code, at Sections 12-9-101—12-9-207 requires certification of "law enforcement officers." All employees of the Forestry Commission have all of the powers of peace officers in the enforcement of the fire laws. A.C.A. § 20-22-301(a). Although there are no laws or regulations expressly governing the law enforcement certification of Forest Ranger I employees, it is up to the Commission on Law Enforcement Standards and Training to construe the requirements of the statutes and rules under which they operate in light of these employees' limited "peace officer" status, and their actual job descriptions and duties, to determine whether certification is required.
The answer to your second question is "yes" in light of the discussion above.
The answer to your third question, in my opinion, is "no." The current Arkansas statutes are not clear as to whether these Forest Ranger I employees are to be certified at the law enforcement academy. Although such employees are invested with limited "peace officer" powers, their primary duties apparently do not involve law enforcement. See A.C.A. §§ 15-31-101—205. A determination with regard to specified individuals, however, would require reference to their particular job descriptions and actual duties. The definition of a "law enforcement officer" found at A.C.A. § 12-9-102(1) is "any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state. . . ." The rules and regulations of the Commission on Law Enforcement Standards and Training, at Rule 1001 (11), adds to this definition by stating that: "This definition does not apply to employees of organizations or state departments and other like agencies not primarily involved in law enforcement." The rule also establishes the criteria to determine whether an individual is a "law enforcement officer" as: 1) employment by a law enforcement unit; 2) serving a law enforcement function for that unit; 3) receiving a salary authorized by that unit; or 4) being a legally appointed auxiliary officer. "Law enforcement unit" is defined as "a police force or organization of a city, county, or this State whoseprimary duty, as prescribed by law or ordinance, is enforcing the criminal, traffic or highway laws of this state." (Emphasis original).
In my opinion the Commission on Law Enforcement Standards and Training could reasonably construe these statutes and regulations, if it chose to do so, as not including employees employed in Forest Ranger I positions.[1] See generallyMoody v. Ingram, 361 So.2d 513 (Ala. 1978) (holding forest rangers not "peace officers" by virtue of the fact that all employees of the Forestry Commission are given the powers of deputy sheriffs in enforcing the fire laws, and stating that if mere possession of these powers is determinative, even clerical personnel of the Commission would fall within the definition). This construction would not, in my opinion, require an amendment of existing law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] If these employees are not classified as "law enforcement officers" and certified by the Commission, however, a question arises as to their authority to carry weapons. See A.C.A. §5-73-120 (generally prohibiting the carrying of weapons and exempting "law enforcement officers" from this proscription).