In construing the provisions of Alabama's Gasoline Excise Tax Act, and specifically the provisions of § 40-17-80(1), Ala. Code 1975, which defines "gasoline" for the purposes of that Act, the majority holds that the Legislature intended to impose an excise tax on "naphtha," whether it was used as a liquid motor fuel[2] or not. In doing so, the majority concludes that the Legislature's definition of "gasoline" encompasses all forms of naphtha. I disagree.
Judge Yates, writing for the Court of Civil Appeals, examined the statute and held that the Legislature intended to levy the excise tax on naphtha only when it was used as a liquid motor fuel. She ascertained legislative intent by noting the placement of a particular comma and the use of the word "other" in the definitional part of the statute.[3] I agree *Page 984 
with the Court of Civil Appeals in its determination of legislative intent, but not because of the placement of the comma or the effect of any legislative enactment of the Code commissioner's changes to the statute.
This Court has held that "[i]n the area of statutory construction, the duty of a court is to ascertain the legislative intent from the language used in the enactment."Parker v. Hilliard, 567 So.2d 1343, 1346 (Ala. 1990). The majority cites Ex parte Coker, 575 So.2d 43 (Ala. 1990), for the proposition that "infirmities of legislative procedure in enacting an original act are cured when that act is incorporated into a code and the code is adopted by the legislature." Coker, 575 So.2d at 46. The Alabama Law Institute has filed an amicus brief in this case, asking us not to change the rule that when the Legislature subsequently adopts a Code containing a change in a statute that was made by the Code commissioner, we assume that the Legislature intended to make the change. That is sound law, but there is no need to apply that principle here, in my opinion, because I can ascertain the legislative intent from a reading of the statute itself, with or without the comma.
It is clear to me that the use of the word "other," which follows the word "naphtha" in § 40-17-30(1), Ala. Code 1975, restricts the term "naphtha," for tax purposes, to that naphtha that is used as a liquid motor fuel only. All parties agree that the particular naphtha in question here is not suitable for use as a motor fuel.
The Department of Revenue argues that its administrative interpretation of Alabama's Gasoline Excise Tax Act allows the Department to impose the tax on naphtha without regard to how the product is used. Although I recognize that absent a compelling reason to the contrary, interpretations of a statute by a state agency charged with administering the statute are considered persuasive, Moody v. Ingram, 361 So.2d 513 (Ala. 1978), I also recognize that this Court has held that " '[i]f a statute is susceptible of two constructions, one of which is workable and fair and the other unworkable and unjust the court will assume that the legislature intended that which is workable and fair.' " Hamilton v. Autauga County,289 Ala. 419, 429, 268 So.2d 30 (1972), quoting State v.Calumet Hecle Consol. Copper Co., 259 Ala. 225, 233-34,66 So.2d 726, 731 (1953). In addition, "[w]here the language of a taxing statute is reasonably capable of two constructions, the interpretation most favorable to the taxpayer must be adopted."Alabama Farm Bureau Mutual Cas. Ins. Co. v. City of Hartselle,460 So.2d 1219, 1223 (Ala. 1984).
For the foregoing reasons, I must respectfully dissent.
[2] Until its amendment in 1995, § 40-17-1, Ala. Code 1975, read as follows: "As used in this article, the term 'motor fuel' shall include diesel fuel, tractor fuel, gas oil, distillate, kerosene, jet fuel, or any substitutes or devices therefor when sold, distributed, stored, or withdrawn from storage in this state for use in the operation of any motor vehicle upon the highways of this state."
[3] "(1) GASOLINE. Gasoline, naphtha, and other
liquid motor fuels or any device or substitute therefor commonly used in internal combustion engines; provided, that nothing in this article shall be held to apply to those products known commercially as 'kerosene oil,' 'fuel oil,' or 'crude oil' when used for lighting, heating, or industrial purposes." Ala. Code 1975, § 40-17-30(1) (original Vol. 21 and 1985 Repl.Vol. 21); Ala. Code 1940, Tit. 51, § 646; Act No. 772, § 1, 1953 Ala. Acts 1036; Act No. 847, § 1, 1951 Ala. Acts 1477.